UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-23528-CIV-BLOOM/ELFENBEIN

Global Weather Productions, LLC,

      Plaintiff,

v.

Wood Projections, Inc.,

      Defendant.

_____/

**JOINT PRETRIAL STIPULATION**

Plaintiff, Global Weather Productions, LLC ("*Plaintiff*" or "*GWP*") and Defendant, Wood Projections, Inc. ("*Defendant*" or " Wood Projections") (collectively, the "*Parties*") by and through their respective counsel, and pursuant to the Court's December 8, 2025, Order (*Dkt. No. 58*), as well as Local Rule 16.1(e), jointly file this Pretrial Stipulation.

1. **CONCISE STATEMENTS OF THE CASE**

    **Plaintiff's Statement**

    This case arises under the Copyright Act. 17 U.S.C. § 101, *et seq*. Michael Brandon Clement ("*Clement*") is a videographer, "storm chaser" and founder and owner of GWP. Clement pursues and documents extreme weather phenomenon through video capture of on-scene recordings and drone footage putting himself into unpredictable situations that can result in significant bodily harm. Clement's videos are highly sought after, not only for their quality, but because there are few others in the industry who have both similar technical skills and are willing to take the type of risks that Clement assumes in furtherance of his craft.

    In the ordinary course of his business, Clement regularly seeks to register his works with

the United States Copyright Office (the "*USCO*") for copyright protection. Clement's works have been licensed to and published by Amazon, Netflix, ABC, NBC, CBS, ESPN, BBC, National Geographic, Discovery, HLN, WeatherNationTV, The Weather Channel, Weather.com, Fox, WNTV, NPR, Al Jazeera, The Joe Rogan Experience, Hulu, New York Times, Yahoo, TRT, HBO, Daily Mail, Inside Edition, TMZ, The Washington Post, PBS, WKMG-TV, WCAX TV among many others.

Relevant to this case, Clement published a video showing a helicopter view of the damage to the Abacos Islands in the Bahamas from Hurricane Dorian (the "*Video*"). Clement registered the Video with the USCO on September 25, 2019, under Registration No. PA 2-214-139. Clement assigned all rights in and to the Video to Plaintiff.

Defendant is a for-profit business entity, engaged in the business of the manufacture and sale of humidors cigar lockers, walk-in humidors, gondolas and fixtures. As a part of its business, Defendant is the owner and operator of the social media account on Instagram with the name "@woodprojections" (the "*Account*"), which it uses as a platform to advertise its business and which includes a link to its business website. Plaintiff commenced this action upon discovering that Defendant copied and displayed a segment of the Video on its Account without license or permission from Plaintiff (the "*Infringement*").

Plaintiff suffered damages as a result of Defendant's theft of the Video, insofar as Plaintiff does not make its videos available to the general public for free and relies on its ability to license its videos to sustain its business. Plaintiff is also further harmed by the thefts of its videos insofar as potential licensees would not seek a license from Plaintiff if they could simply take them for free by copying them from unlicensed websites or social media accounts. Here, Defendant did not pay Plaintiff for the rights to use its Video and did not seek a license from Plaintiff, notwithstanding

the fact that the Infringement included multiple watermarks, one of which identified Plaintiff's licensing agent. Plaintiff seeks an award of damages, costs and fees in this action.

**Defendant's Statement**

Wood Projections is a small business dedicated to the manufacture and sale of cigar humidors and cigar lockers. Plaintiff alleges that in September 2019 Wood Projections posted to its Instagram account a short portion of a video depicting hurricane damage associated with Hurricane Dorian and that the video is covered by Plaintiff's copyright registration. Wood Projections does not dispute that a short excerpt appeared on its Instagram account, as a repost, but denies liability and contends the post was a brief, noncommercial sharing of an NBC6 news clip accompanied by commentary reflecting empathy, gratitude, and a "we're safe" update to friends, family (including abroad), and local followers. Wood Projections contends the clip was displayed with NBC's watermark visible, was not used to advertise products or generate sales, and was not promoted through paid advertising. Wood Projections further contends the post was removed promptly once it received a request to do so.

Wood Projections contends the use is protected by the fair use doctrine and that Plaintiff's claim is barred by the Copyright Act's statute of limitations. Wood Projections also disputes that Plaintiff can prove recoverable damages or any market harm resulting from the brief Instagram post, and disputes any allegation that the posting was willful.

2. **THE BASIS OF FEDERAL JURISDICTION**

This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

3. **THE PLEADINGS RAISING THE ISSUES**
   a. Plaintiff's Complaint (*Dkt. No.* 1, *et seq.*).
   b. Defendant's Answer and affirmative defenses (*Dkt. No.* 33).

**4.     A LIST OF ALL UNDISPOSED OF MOTIONS OR OTHER MATTERS REQUIRING ACTION BY THE COURT**

    a. None.

**5.     A CONCISE STATEMENT OF UNCONTESTED FACTS WHICH WILL REQUIRE NO PROOF AT TRIAL, WITH RESERVATIONS, IF ANY**

**Stipulated Facts Amongst the Parties**

a. Michael Brandon Clement ("Clement") is a videographer and is founder and owner of GWP.

b. Clement recorded a video showing a helicopter view of the damage to the Abacos Islands in the Bahamas from Hurricane Dorian.

c. The asserted work or video is the recording of factual storm footage documenting a real world weather event.

d. On September 3, 2019, Clement published a three minute and fifty second video showing a helicopter view of the damage to the Abacos Islands in the Bahamas from Hurricane Dorian (the "*Video*").

e. Clement registered the Video with the United States Copyright Office (the "USCO") on September 25, 2019, under Registration No. PA 2-214-139.

f. Clement executed an assignment of rights in the Video to Plaintiff.

g. Plaintiff claims ownership of the Video.

h. Wood Projections is a Florida corporation with a principal place of business in Homestead, Florida.

i. Wood Projections is a business entity.

j. Wood Projections is engaged in the business of the manufacture and sale of display humidors and cigar lockers.

k. Fabiola Karolewicz is the co-owner and manager of Defendant.

l. Wood Projections is the owner and operator of the social media account on Instagram with the name "@woodprojections" (the "Account").

m. Wood Projections has no written policies addressing the placement of content on the Account.

  n. Fabiola Karolewicz controlled posting on the Account.

  o. On September 4, 2019, a (36) thirty-six second excerpt of the hurricane related video content appeared on the Account at the following URL: https://www.instagram.com/p/B19wUTZnAbR/?fbclid=IwAR13OoPYmxAaEmf14nfA0zAr6f1DOwa4KMHp0SIL_SFEUr6UmjcOxaDU_GE

  p. The Instagram post displayed NBC6 branding/watermark visible on-screen.

  q. The Instagram post included accompanying and hashtags.

  r. The Instagram post included the following caption text and hashtags: "So incredibly fortunate to be spared of this terrible hurricane, people wonder why we freak out when we hear about a hurricane on the way, we lost 2 days of work preparing and taking stuff down, but this is exactly why! #dejavu #wesurvivedandrew #hurricanedorian #luckyus."

  s. Plaintiff filed a copyright infringement lawsuit (Case No. 21-cv-61333 RS) involving the same Video (Registration No. PA 2-214-139) against a different defendant, based on alleged infringing uses identified in 2019.

  t. Plaintiff (and/or its principal) has used Meta/Instagram "Rights Manager" tools to identify unauthorized uses of its content.

  u. Plaintiff filed this action on September 13, 2024.

  v. GWP did not grant a written license for the post

6. **A STATEMENT IN REASONABLE DETAIL OF THE ISSUES OF FACT WHICH REMAIN TO BE LITIGATED AT TRIAL**

**Statement by Plaintiff**

Pursuant to the Court's January 5, 2026, Order, there is "no dispute" that Plaintiff has established a *prima facie* case of copyright infringement. *Dkt. No. 59, p. 8*. Therefore, the only factual issues required to be litigated at trial are:

  a. Whether Plaintiff has proven by a preponderance of evidence that it is the owner of the Video, that the Video was registered by the United States Copyright Office, and whether Defendant used the Video on its social media account without prior

        authorization from Plaintiff.

    b. As to Defendant's statute of limitations defense:

        i. Whether Defendant has proven by a preponderance of evidence that Plaintiff was on inquiry notice of the Infringement such that Plaintiff should have discovered the Infringement at any time prior to the date of actual discovery.

    c. As to Defendant's fair use defense:

        i. Whether Defendant has proven by a preponderance of evidence that its unauthorized display of the Video was not for a commercial purpose or in connection with a commercial venture;

        ii. Whether Defendant has proven by a preponderance of evidence that its unauthorized display of the Video was transformative;

        iii. Whether Defendant has proven by a preponderance of evidence that if the practice of using Plaintiff's works without licensing were to become widespread, it would not harm the market for Plaintiff's Video.

    d. The amount of damages to be awarded to Plaintiff.

**Statement by Defendant**

Defendant disputes Plaintiff's characterization of the Court's summary judgment order and disputes that the factual issues for trial are as limited as Plaintiff suggests. The Court denied both motions for summary judgment; the parties dispute the facts relevant to Plaintiff's claim and Defendant's defenses Plaintiff bears the burden to prove its claim and entitlement to relief, and Defendant maintains that the evidence will establish one or more complete defenses. The material issues of fact that remain to be tried include, without limitation:

a. Copyright claim

1. The scope and nature of Plaintiff's claimed ownership interest in the Video, including the timing and effect of any assignment and the rights allegedly transferred.

2. The nature of Defendant's conduct, whether and how the clip was obtained and posted to the Account (including whether the clip was posted through platform sharing versus downloading and re-uploading), and the context in which it appeared.

b. Statute of limitations

1. When Plaintiff knew or, in the exercise of reasonable diligence, should have known of the post at issue.

2. The extent and effectiveness of Plaintiff's monitoring efforts during the relevant period, including Plaintiff's use of social-media monitoring tools and Plaintiff's knowledge of third-party uses of the same Video before September 2022.

3. Whether Plaintiff exercised reasonable diligence to discover the alleged infringement earlier, and whether Plaintiff's claimed discovery date is credible and supported by admissible evidence.

c. Fair use

1. The purpose and character of Defendant's post, including whether it was noncommercial and whether it served a news/commentary function, and the significance of the caption and hashtags accompanying the clip. Whether the use was transformative in light of the post's context and messaging, including the extent to which the post conveyed commentary and a community-facing message distinct from Plaintiff's licensing use.

2. The amount and substantiality of the portion used, including whether the excerpt was limited to what was reasonably necessary for the purpose of the post.

3. The effect on the market (if any), including whether Defendant's post served as a market substitute for Plaintiff's work, whether Plaintiff can identify any lost license or price erosion attributable to Defendant.

d. Damages

1. Whether Plaintiff can prove any recoverable damages or profits attributable to the post, including whether Plaintiff can identify any actual lost license or other economic harm caused by Defendant's post.

e.     Innocent infringement / willfulness

1. Whether Defendant had actual knowledge that the use was infringing or acted with reckless disregard of Plaintiff's rights, or instead acted innocently and in good faith based on the circumstances of the post.

   f.   Unclean Hands / Copyright Misuse

Whether Plaintiff's conduct in connection with the rights asserted and the relief sought warrants application of equitable defenses, including:

1. Whether Plaintiff presented a complete and accurate depiction of the Instagram post in its pleadings and submissions, including whether the caption/context and source branding were omitted or minimized in a manner that materially affected the characterization of Defendant's use.

2. Whether Plaintiff's enforcement and litigation conduct sought to leverage the asserted copyright to obtain relief beyond the scope of the Copyright Act, such as by treating noncommercial, source-branded social-media sharing as a basis for outsized statutory demands despite the absence of identified market substitution.

3. Whether Plaintiff pursued default-related relief based on defective service and whether that conduct bears on equitable relief or fee shifting.

4. Whether Plaintiff's conduct caused Defendant prejudice or injury, including the need for corrective discovery and litigation expense to establish the full context of the post and to respond to remedy demands not tied to any identified lost license or market harm.

   7.   **A CONCISE STATEMENT OF ISSUES OF LAW ON WHICH THERE IS AGREEMENT**

   a. The Copyright Act (17 U.S.C. § 101, *et seq.*) governs this dispute.

   b. To establish copyright infringement, Plaintiff must prove ownership of a valid copyright and copying of protected elements of the work.

   c. The parties agree that civil copyright claims are governed by the three-year limitations period in 17 U.S.C. § 507(b), but they dispute the rule governing accrual and the application of that rule to the facts of this case.

   d. Fair use is an affirmative defense and the burden is on Defendant to prove by a preponderance of the evidence that it applies.

   e. The four fair-use factors under 17 U.S.C. § 107 are: (1) purpose and character of the use; (2) nature of the copyrighted work; (3) amount and substantiality used; and (4) effect on the potential market. As to number 2, nature of the copyright work, this factor weighs in favor of Defendant.

  **f.** Statute of Limitations is an affirmative defense and Defendant has the burden of showing that it is applicable.

  **g.** Actual damages and profits, if sought, are governed by 17 U.S.C. § 504(b).

  **h.** Statutory damages, if elected, are governed by 17 U.S.C. § 504(c), and the amount may be affected by whether infringement is willful or innocent.

  **i.** Equitable defenses and copyright misuse, if proven, may affect the enforceability of Plaintiff's claims and the availability of equitable relief.

**8.** **A CONCISE STATEMENT OF ISSUES OF LAW WHICH REMAIN FOR DETERMINATION BY THE COURT**

**As stated by Plaintiff**:

The only legal issues which remain for determination by the Court are:

a. As to Defendant's statute of limitations defense:

  i. A copyright owner is not under a general duty to police their copyrights given the practical impossibility of monitoring millions of webpages[1] regularly and it is unreasonable to hold a copyright owner to such a standard.[2]

  ii. A copyright owner is put on notice, and the statute of limitations begins to run once a plaintiff possesses information fairly suggesting some reason to investigate whether they may have suffered an injury at the hands of a putative infringer.[3]

  iii. It is Defendant's burden to prove circumstances that create a duty of inquiry[4] on the part of the copyright owner to investigate potential infringement.[5]

---

[1] This principle equally applies to the Instagram platform given the billions of users operating on the platform. See https://www.cnbc.com/2025/09/24/instagram-now-has-3-billion-monthly-active-users.html.

[2] *Sci. Photo Lib. Ltd. v. Bell Performance, Inc.*, No. 6:23-CV-2302-PGB-LHP, 2024 WL 3638006, at *4 (M.D. Fla. Aug. 2, 2024) (*quoting Calhoun v. Lillenas Publg.*, 298 F.3d 1228, 1236 (11th Cir. 2002) (Birch, J., concurring) (*internal quotation marks omitted*).

[3] *Id.* at *5 (*internal citations and quotations omitted*).

[4] Your Honor has already rejected the argument that an awareness of another entity infringing on a copyrighted work triggers a duty to investigate a completely separate entity for potential infringement. *Dkt. No. 59, p.11-12*.

[5] In the context of securities fraud, circumstances that create a duty of inquiry frequently are referred to as "storm warnings." *See Levitt v. Bear Stearns & Co.*, 340 F.3d 94, 101 (2d Cir. 2003).

**As stated by Defendant**:

The legal issues that remain for determination by the Court include, without limitation:

a. As to Defendant's statute of limitations defense:

i. Whether, under 17 U.S.C. § 507(b), Plaintiff's claim accrued at the time of the alleged infringement (the injury rule) or instead when Plaintiff knew or, in the exercise of reasonable diligence, should have known of the alleged infringement (the discovery rule).

ii. If the injury rule applies, whether Plaintiff's claim is barred because the alleged infringement occurred in September 2019 and suit was not filed until September 13, 2024.

iii. If the discovery rule applies, whether Plaintiff knew or, in the exercise of reasonable diligence, should have known of the alleged infringement before September 13, 2021.

iv. Whether Plaintiff's monitoring practices, prior enforcement activity involving the same video, and other facts gave Plaintiff inquiry notice or otherwise triggered a duty to investigate before September 13, 2021.

v. Whether Plaintiff may rely solely on its asserted actual-discovery date where the record supports that the alleged use was reasonably discoverable earlier.

b. As to Defendant's fair use defense:

i. Whether, applying 17 U.S.C. § 107 to the facts found at trial, Defendant's use constitutes fair use, including the proper legal weight to be given to each factor under controlling precedent.

c. As to damages and remedies (including equitable defenses):

i. Whether Plaintiff is entitled to recover any actual damages or profits under 17 U.S.C. § 504(b), including whether Plaintiff must prove a legally sufficient causal nexus and non-speculative loss.

ii. If statutory damages are sought, whether the legal standards governing willfulness or

innocent infringement under 17 U.S.C. § 504(c) are met based on the facts found at trial.

iii. Whether Plaintiff is entitled to attorneys' fees under 17 U.S.C. § 505 and/or injunctive relief under 17 U.S.C. § 502, and the effect of equitable defenses, including unclean hands and copyright misuse, on Plaintiff's entitlement to equitable relief and discretionary fee shifting.

9. **TRIAL EXHIBITS AND OBJECTIONS**

A list of Plaintiff's trial exhibits is annexed hereto as Exhibit A.

A list of Defendant's trial exhibits is annexed hereto as Exhibit B.

10. **TRIAL WITNESSES**

A joint list of the Parties' trial witnesses list is annexed hereto as Exhibit C.

11. **ESTIMATED TRIAL TIME**

**As stated by Plaintiff**:

Plaintiff anticipates that the trial in this matter should take approximately 2 days.

**As stated by Defendant**:

Defendant anticipates that the trial in this case should take approximately 2-3 days.

12. **ATTORNEYS' FEES**

**As stated by Plaintiff**:

The Court has discretion to award attorneys' fees to the prevailing party in a copyright action pursuant to 17 U.S.C. § 505, and Plaintiff reserves the right to seek recovery of such fees, in the event it is determined to be the prevailing party, after entry of judgment pursuant to Fed. R. Civ. Pro. 54.

**As stated by Defendant**:

The Court has discretion to award attorneys' fees to the prevailing party in a copyright action pursuant to 17 U.S.C. § 505. Defendant likewise reserves the right to seek recovery of its reasonable attorneys' fees and costs as the prevailing party after entry of judgment pursuant to

Fed. R. Civ. P. 54. Defendant further contends that, in exercising its discretion under § 505, the Court may consider the objective reasonableness of the parties' positions and other equitable factors, including the absence of cognizable damages and the parties' litigation conduct. Plaintiff further reserves all rights under Fed. R. Civ. P. 68 and applicable law regarding costs, fees and any post-offer consequences.

Dated: March 9, 2026

Respectfully submitted,

**SANDERS LAW GROUP**

By: */s/ Joshua D. Vera*
Joshua D. Vera, Esq.
Florida Bar No. 1047709
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: jvera@sanderslaw.group
*Attorneys for Plaintiff*

and

**LAW FIRM OF RUBIO
& ASSOCIATES, P.A.**

By: */s/ Humberto Rubio*
Humberto Rubio, Jr., Esq.
Florida Bar No. 36433
8950 SW 74 Ct., Suite 1804
Miami, Fl 33156
Telephone: (786) 220-2061
Email: hrubio@rubiolegal.com
*Attorneys for Defendant*